```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PIYUSH PATEL,

                Plaintiff,              MEMORANDUM OPINION AND
                                        ORDER

        -against-
                                        12 Civ. 6312 (MGC)

THE CITY OF NEW YORK, THOMAS
DEPIPPO, JOSEPH A. SANTINO, ANNA
COLARES AND JOHN AND JANE DOE,

                Defendants.

-----------------------------------X
```

APPEARANCES:

    MADUEGBUNA COOPER LLP
    Attorneys for Plaintiffs
    110 Wall Street, 11th Floor
    New York, New York 10005

    By:  Samuel O. Maduegbuna, Esq.
        David A. Beach, Esq.

    MICHAEL A. CARDOZO
    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    Attorneys for Defendants
    100 Church Street, Room 2-143
    New York, New York 10007

    By:  Jessica Giambrone, Esq.
        Alan M. Schlesinger, Esq.
        Jane Andersen, Esq.

**Cedarbaum, J.**

Piyush Patel sues defendants The City of New York, Thomas Depippo, Joseph A. Santino, Anna Colares, and John and Jane Doe alleging employment discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983, the New York City Human Rights Law (NYCHRL), and the New York State Human Rights Law (NYHRL). Defendants have moved to partially dismiss Patel's complaint. The one dispute left unresolved following oral argument is whether Patel's allegations of retaliation fail to state a claim. For the reasons that follow, Patel's retaliation claims are dismissed.

Patel's retaliation claims center on a September 18, 2009 email incorporated by reference into his complaint. The email states in pertinent part:

> In October 2006, I was reverted back to my civil service title CPM II from Deputy director's position without any appropriate hearing or reason given to me . . . . This is clearly discrimination and or retaliation with me. This is clearly violation of civil service section seventy five. . . .
>
> As some staff members were reinstated to their managerial position and/or their salary was reinstated . . . . I am the only person left out with adverse personal action against me. I respectfully request to take appropriate remedial actions. Thanks.

Defendant Thomas DePippo sent a response on September 28, 2009 stating: "I am reviewing your situation with [defendant] GSS Deputy Commissioner Santino and will get back to you with the results as soon as I can."

2

Retaliation claims under § 1981, § 1983, the NYHRL, and the NYCHRL are analyzed pursuant to Title VII principles. Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (§ 1981, § 1983, and NYHRL); Debidat v. Marriott Int'l, Inc., 580 F. Supp. 2d 300, 305 (S.D.N.Y. 2008) (NYHRL and NYCHRL). Under those principles, a defendant must plead that "(1) [he] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there exists a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007). "The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000).

Patel argues that the four-month gap between his September 2009 email and two alleged failures to promote him in January of 2010 is small enough to show causation. The Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." Compare Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty., 252 F.3d 545, 554-55 (2d Cir. 2001) (four month gap sufficiently proximate), with McDowell v. N. Shore-Long Island Jewish Health

3

Sys., Inc., 788 F. Supp. 2d 78, 83 (E.D.N.Y. 2011) (dismissing § 1983 and NYHRL retaliation claims because the "greater than three month gap, unsupported by any other allegations showing plausible retaliation, is insufficient to raise an inference of retaliation").

The inference of causation here is weakened by the fact that Patel's complaint alleges four failures to promote: two occurring in 2009 prior to his email and two after his email. Patel provides no explanation about what leads him to believe that the two post-email failures to promote constitute retaliation.

Finally, the September 2009 email does not center on a vigorous claim of past discrimination.  The strongest allegation Patel makes in the email is that his 2006 demotion was based on "discrimination *and or* retaliation," (emphasis added) and "clearly" violated a law that does not pertain to discrimination, but rather protects against retaliation for disclosure to the government of certain legal violations.  N.Y. Civ. Serv. Law § 75-b.  The "retaliation" referred to in Patel's email almost certainly concerns a 2004 complaint Patel lodged with the New York City Department of Investigation about alleged misconduct that, according to the complaint's own allegations, had nothing to do with discrimination.  Patel has not alleged enough to support a plausible inference that the actions taken

4

by defendants, which simply entailed maintaining the status quo that had existed since Patel's 2006 demotion, were retaliation for his one sentence suggestion that he may have been the victim of discrimination in 2006.  For the foregoing reasons, Patel's retaliation claims are dismissed.

SO ORDERED.

Dated:    New York, New York
          April 9, 2013

                                    S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge