```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PIYUSH PATEL,

                  Plaintiff,              MEMORANDUM OPINION
                                          AND ORDER

        -against-
                                          12 Civ. 6312 (MGC)

THE CITY OF NEW YORK, THOMAS
DEPIPPO, JOSEPH A. SANTINO, ANNA
COLARES AND JOHN AND JANE DOE,

                  Defendants.

-----------------------------------X
```

**Cedarbaum, J.**

Plaintiff Piyush Patel moves under Fed. R. Civ. P. 54(b) for final judgment on the order dismissing his retaliation claims.

Fed. R. Civ. P. 54(b) provides: "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Second Circuit has cautioned against entering judgment under this rule too freely:

> Respect for [the federal policy against piecemeal appeals] requires that the court's power to enter a final judgment before the entire case is concluded, in order to permit an aggrieved party to take an immediate appeal, be exercised sparingly. . . . [N]ot all dismissals of individual claims should be immediately appealable, even if they are in some sense

> separable from the remaining unresolved claims. The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case, *i.e.*, certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal[.]

O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (quotations and citations omitted).  The Second Circuit has also cautioned that "[i]n general, a Rule 54(b) certification of the dismissal of fewer than all the claims in an action should not be granted if the same or closely related issues remain to be litigated."  Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991) (quotations omitted).  I do not believe that delayed review creates any "danger of hardship or injustice" that would be alleviated by an immediate appeal.  This is not one of those infrequent cases in which entry of final judgment pursuant to Fed. R. Civ. P. 54(b) can be justified.

    For the foregoing reasons, Patel's motion is denied.

SO ORDERED.

Dated:   New York, New York
         May 16, 2013

                                            S/_____
                                              MIRIAM GOLDMAN CEDARBAUM
                                              United States District Judge